Order Book

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.

RANDALL E. MILLER

**JUDGMENT IN A CRIMINAL CASE**

**Case Number: 97-CR-98-013**

Raymond M. Dall'Osto
Defendant's Attorney

Eric J. Klumb and Scott Campbell
Assistant United States Attorneys

U.S. DIST. COURT EAST DIST. WISC.
FILED
OCT 16 2000
AT ___O'CLOCK___ M
SOFRON B. NEDILSKY

**THE DEFENDANT:**

Was found guilty to Counts One, Two, Three, and Four of the superceding indictment.

| Title & Section | Nature of Offense | Date Concluded | Counts |
|---|---|---|---|
| 18 U.S.C. § 1962(c) | Participation in an enterprise engaged in racketeering activity | 6/15/00 | 1 |
| 18 U.S.C. § 1962(d) | Conspiracy to participate in an enterprise engaged in racketeering activity | 6/15/00 | 2 |
| 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2 | Conspiracy to possess with intent to distribute cocaine | 6/15/00 | 3 |
| 21 U.S.C. 841(a)(1) and 21 U.S.C. § 846 and 18 U.S.C. § 2 | Conspiracy to possess with intent to distribute hydrocodone | 6/15/00 | 4 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Date Sentence Imposed: October 12, 2000

Defendant's Soc. Sec. No.: ▓▓▓▓7995

Defendant's Date of Birth: 6/21/▓▓

Defendant's USM No.: ▓▓▓▓▓▓

Defendant's Legal Address:
P.O. Box 1026
Pell Lake, WI 53157

J. P. Stadtmueller
Chief Judge

October 16, 2000
Date Judgment Signed

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of life as to Count One of the superceding indictment, life as to Count Two of the superceding indictment, two hundred forty (240) months as to Count Three of the superceding indictment, and two hundred forty (240) months as to Count Four of the superceding indictment to run concurrently for a total term of life imprisonment.

The defendant is remanded to the custody of the United States Marshal.

The court makes the following recommendation to the Bureau of Prisons:

(1) that the defendant be evaluated for appropriate medical attention; and
(2) that the defendant be incarcerated at F.M.C. Rochester, Rochester, MN, or F.C.I. Oxford, Oxford, WI, or, if neither of those two facilities are appropriate, at an institution geographically located adjacent to the State of Wisconsin.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this judgment.


United States Marshal


By _____
Deputy U. S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years as to Count One of the superceding indictment, five (5) years as to Count Two of the superceding indictment, three (3) years as to Count Three of the superceding indictment, and three (3) years as to Count Four of the superceding indictment to run concurrently for a total term of five (5) years of supervised release.

The defendant shall not commit another federal, state, or local crime and shall comply with the following special conditions:

1. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not possess a firearm as defined in 18 U.S.C. § 921 or any other dangerous weapon.

3. Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall not illegally possess any controlled substance. Such possession will result in revocation of the supervised release term and the defendant will be obliged to serve a further term in prison.

4. The defendant shall pay any balance of the fine and restitution at a rate of no less than $200.00 per month.

5. The defendant shall not associate with any member, prospect, or associate member of the Outlaws Motorcycle Club or any similar club. The defendant shall have no communication whatsoever with the Outlaws Motorcycle Club or member thereof or any similar club or member thereof.

6. The defendant is to participate in a program of testing for drug and alcohol abuse as directed by his supervising probation officer and, if deemed appropriate by his supervising probation officer, the defendant shall also participate in residential or outpatient drug treatment. The defendant shall pay the nominal cost of this program as directed by his supervising probation officer. The defendant is to refrain from use of all alcoholic beverages throughout the period of his supervised release term.

7. The defendant is not allowed to work at a tavern or be allowed to patronize taverns or any establishments where alcohol is the principal item of sale.

8. The defendant shall participate in a mental health treatment program and shall take any and all prescribed medications as directed by the treatment provider and participate in any psychological/psychiatric evaluation and counseling as may be directed by his supervising probation officer. The defendant shall pay the cost of treatment as directed by his supervising probation officer.

9. The defendant shall submit his person, residence, office, or vehicle to a search, conducted by a probation officer at a reasonable time and in a reasonable manner, to determine if the defendant is in compliance with the conditions of supervision including a prohibition regarding the possession of contraband material including contraband substances and weapons. Such search may be conducted by the probation officer without prior notice or search warrant. Refusal to submit to such search constitutes a violation of the conditions of supervision.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or his or her supervising probation officer.

2. The defendant shall report to his or her supervising probation officer and shall submit a truthful and complete written report within the first five days of each month.

3. The defendant shall answer truthfully all inquiries by his or her supervising probation officer and follow the instructions of his or her supervising probation officer.

4. The defendant shall support his or her dependents and meet other family responsibilities.

5. The defendant shall work regularly at a lawful occupation unless excused by his or her supervising probation officer for schooling, training, or other acceptable reasons.

6. The defendant shall notify his or her supervising probation officer ten days prior to any change in residence or employment.

7. The defendant shall refrain from excessive use of alcohol.

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by his or her supervising probation officer.

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of his or her supervising probation officer.

11. The defendant shall notify his or her supervising probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13. As directed by his or her supervising probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit his or her supervising probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

Defendant: Randall Miller  
Case Number: 97-CR-98  
Judgment Page 6 of 8

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5 Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $350.00 | $5,000.00 | $28,114.25 |

### FINE

Based on the defendant's limited finances, the court determines that the defendant does not have the financial ability to pay a fine within the guideline range. However, the court does impose a nominal fine of five thousand dollars ($5,000.00). The court determines that the defendant does not have the financial ability to pay the interest on the fine, costs of incarceration, community confinement and supervision and therefore waives the interest on the fine, costs of incarceration, costs of community confinement and supervision in this case.

A waiver of the cost of community confinement does not preclude the Bureau of Prisons from imposing a subsistence fee of up to 25 percent of gross income, based on ability to pay, for any portion of the sentence spent in a community correctional facility.

### RESTITUTION

The defendant shall pay restitution to the following payee in the amount listed below. Interest on the restitution is waived.

| **Name of Payee** | **Total Amount of Loss*** | **Restitution Ordered** |
|---|---|---|
| Joseph Badaracco<br>C/O Financial Litigation Unit<br>530 U.S. Courthouse<br>517 E. Wisconsin Ave.<br>Milwaukee, WI 53202 | $1,600.00 | $1,600.00** |
| White Insurance Company<br>Re: JR's Watering Hole, Calumet City, IL<br>2705 Highway Avenue<br>P.O. Box 1999<br>Highland, IN 46322 | $3,335.00 | $3,335.00*** |
| Fireman's Fund Insurance Company<br>Re: Patrick Matter<br>727 Craig Rd.<br>P.O. Box 419083<br>St. Louis, MO 53141 | $23,179.25 | $23,179.25**** |
| **Totals:** | $28,114.25 | $28,114.25 |

\* Findings for the total amount of losses are required under Title 18 of the United States Code, Chapters 109A, 110, 110A and 113A  
\*\* Jointly and severally with co-defendants Kevin O'Neill, Johnson Blake, William Brock, James Hanson, and James Schneider  
\*\*\* Jointly and severally with co-defendant James Hanson  
\*\*\*\* Jointly and severally with co-defendant Kevin O'Neill

Defendant: Randall Miller  Judgment Page 7 of 8
Case Number: 97-CR-98

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) fine.

Special instructions regarding the payment of criminal monetary penalties:

The $350.00 special assessment is due and payable immediately to the Clerk of Court's office, Room 362, U.S. Courthouse.

The court considers the defendant's participation in the Federal Bureau of Prisons Inmate Financial Responsibility Program a necessary part of the repayment of the court-imposed financial obligations. Payments are to apply first to the special assessment and then to the fine and restitution until paid in full.

During any period of supervised release, the defendant shall pay any balance of the fine and restitution at a rate of no less than $200.00 per month.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All Criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, his or her supervising probation officer, or the United States Attorney.

# STATEMENT OF REASONS

The court adopts the factual findings and guideline computations contained in the 9/1/00 presentence report as updated and modified by the 10/3/00 addendum to that report.

### Guideline Range Determined by the Court:

Total Offense Level: 50

Criminal History Category: V

Imprisonment Range: Life

Supervised Release Range: 3 to 5 years - Counts One and Two  
3 years - Counts Three and Four

Fine Range: $25,000.00 to $2,000,000.00 (with costs of imprisonment/supervision)

Fine within guideline range waived because of inability to pay.

Nominal Fine: $5,000.00

Restitution: $28,114.25

$350.00 special assessment

This sentence is within the guidelines range, that range exceeds 24 months, and the court finds no reason to depart from the sentence called for by the application of the United States Sentencing Guidelines.