IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

JAN -9 P 12

UNITED STATES OF AMERICA,
                    Plaintiff,


                                        Criminal No. 97-CR-98

    -vs-
                                        Honorable J.P. Stedtmueller,
                                        Judge


RANDALL E. MILLER,
                    Defendant.
_____/


### DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

### PURSUANT TO 18 U.S.C. § 3582 (c) (2); AND MEMORANDUM

### OF POINTS AND AUTHORITIES IN SUPPORT


        COMES NOW defendant, Randall E. Miller, pursuant to 18
U.S.C. § 3582 (c) (2), as the United States Sentencing Commission
issued United States Sentencing Guidelines (U.S.S.G.) Amendment
782, in July 2014, reducing, by two-levels, the Sentencing
Guidelines Drug Quantity and Chemical Table, U.S.S.G. § 2D1.1,
making the Amendment retroactively applicable to sentences already
final and states as follows:

# I.

## JURISDICTION

1.   Citing 18 U.S.C. § 3582 (c) (2),  the relevant portion provides:  "The Court may not modify a term of imprisonment once it has been imposed except that... in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994 (o),  upon Motion of the defendant...,  the Court may reduce the term of imprisonment..." Id. (2015 Ed.).  Therefore,  the Court has jurisdiction to reduce defendant's term of imprisonment and adjudicate the foregoing Motion on its merits.

# II

## SUMMARY OF THE RELEVANT FACTS

2.   Taking judicial notice pursuant to Fed. R. Evid. § 201 (b) (2),  on November 18, 1998,  a superceding indictment was handed down by the Grand Jury charging defendant and others with inter alia,  engaging in a Racketeering Influenced and Corrupt Organization (RICO) 18 U.S.C. §§ 1962 et. seq.,  and additional Racketeering Acts,  as well as a plethora of additional charges were alleged,  including but not limited to possession, possession with intent to distribute,  conspiracy to possess with

Case 2:97-cr-00098-JPS   Filed 01/09/17   Page 2 of 8   Document 2189

intent to distribute, and distribution of controlled substances, in violation of 21 U.S.C. §§ 841 (a) (1), (b) (1) and 846

3. The RICO indictment alleged defendant and other members of the Outlaws Motorcycle Club engaged in a myraid of criminal activities. Amongst which included a detailed drug possession and distribution conspiracy as aforementioned.

4. As duly noted herein infra, defendant's memorandum of points and authorities. The Sentencing Commission issuance of Amendment 782, lowering the Sentencing Guidelines Drug Quantity and Chemical Table, U.S.S.G. § 2D1.1 and making the same retroactive to sentences already final is applicable to defendant and seeks a reduction of his sentence based on the Sentencing Commission's issuance of Amendment 782 at this time.

## III.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

THE UNITED STATES SENTENCING COMMISSION'S
ISSUANCE OF AMENDMENT 782 DECLARING THE
SAME TO BE RETROACIVELY APPLICABLE TO
SENTENCES ALREADY FINAL LOWERING THE DRUG
QUANTITY AND CHEMICAL TABLE BY TWO-LEVELS
SHOULD BE APPLIED TO DEFENDNAT'S SENTENCE
AND DEFENDANT RESENTENCED AT THIS TIME.

A.  Factors Requested To Be Considered By The Court:

Because Amendment 782, generally reduces by two-levels
the threshold amounts in the Drug Quantity Tables in U.S.S.G.
§§ 2D1.1 and made parallel changes to 2D1.11, authorizes the
Court to reduce defendnat's otherwise final sentence and "not
a plenary resentencing proceeding," defendant presents the
foregoing information for consideration. Dillon v. United States,
560 U.S. 817, 826 (2010). See Also U.S.S.G. 1B1.10.

Per the attached medical records, defendant's medical
condition is in a state of severe deterioation. As the Court
is aware, defendant is an amputee from the knee down as to one-
leg. A recent round of blood chemistry reveals his Rheumatoid
Factor too high. Moreover, defendant suffers from heart problems,

and his Rheumatoid Arthritis has spread throughout his body and he is in constant and sever pain. He has been told he is likely to lose his remaining leg, and has been further diagnosed with a condition bordering Chronic Kidney Disease. These conditions may be taken into account when considering a reduction of sentence pursuant to § 3582 (c) (2). See <u>United States</u> v. <u>Trujillo</u>, 2014 U.S. Dist. LEXIS 48578 (9th Cir. 2014). (Taking defendant's poor health into consideration granting him "Time Served").

Defendant has the love of his fiance, Ms. Tracy Seitz, who he plans to marry and live with should he ever be released. (See Attached Correspondance). Finally, defendant has been promised a positon with Kanzler Excavating, per their correpsondance which is likewise attached herewith.


B.    Reasons For Granting Motion And Reducing Defendant's
      Sentence To Two Hundred And Forty (240) Months:


To begin with, defendant's "[e]ligibility for consideration under 18 U.S.C. § 3592 (c) (2) is triggered only by an amendment listed in Subsection (d) that lowers the applicable guideline range..." Id. U.S.S.G. § 1B1.10, Comment (No.1) 18 U.S.C. § 3582 (c) (2) provides that "the Court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553 (a) to the extent that they are applicable, ..." Id. As aforementioned, § 3582 (c) (2) does not authorize a

plenary resentencing proceeding. <u>Dillon</u>, 569 U.S. at 826. <u>See</u>
<u>Also</u> <u>United States</u> v. <u>Davis</u>, 682 F.3d 596, 610 (7th Cir. 2012).
The Court may nonetheless consider defendant's post-sentence
rehabiliative efforts. <u>Pepper</u> v. <u>United States</u>, 131 S. Ct. 1229,
1250-1251 (2011).

Since defendant's imprisonment he's worked in the Federal
Prison Industries (UNICOR) until he became physically incapable
pursuant to his leg amputation. Defendant has never been a
disciplinary or management problem and has otherwise participated,
to date, in some sort of work or programming as shall be
reflected upon the Court's review of defendant's prison and
medical records. <u>1/.</u>

Sentencing is a "package." <u>Pepper</u>, 131 S. Ct. at 1250-
1251. "It has been uniform and constant in the federal judicial
tradition for the sentencing judge to consider every convicted
person as an individual and every case a unique study in human
failings that sometimes mitagate, sometimes magnify, the crime
and punishment to ensue." <u>Koon</u> v. <u>United States</u>, 518 U.S. 81
113 (1996).

Here, the Court may wish to ameliorate defendant's
overall "sentence package" in light of the defendant's
elegibility for resentencing, by vacating his life sentence
and reducing defendant's total sentencing scheme to a range of
between 240-300 Months. Here, the record shall reflect defendant's

---

<u>2/.</u> Because the United States Probation Office usually is ordered to do an Amended/
Supplemental Presentence Report for such Amendments to the Guidelines, those
relevant records and information shall be available for the Court's review.

sustained commitment to rehabilitating himself. **Pepper**, 131 S. Ct. at 1242. This further suggest, in light of defendant's health, that a lesser sentence is adequate to protect the public from further crimes of the defendant under § 3553 (a) (2) (C).

Here, the Court should conclude that a reduction under 18 U.S.C. § 3982 (c) (2) and U.S.S.G. § 1B1.10 is justified. The requested reduction to a range of 240-300 Months is not untenable this Court taking judicial notice of a similar reduction from life to 360 Months in **United States** v. **Jeffrey Paul Gruber**, USDC - N.D of Iowa, No CR94-2022-LRR (Amendment 782 resentencing/reduction from life to 360 Months.).

Therefore, defendant request that his life sentence be reduced and defendant resentenced within the ambit of a sentencing scheme other than life at this time.

DATED: This _06_ day of _January_, 201_7_.

By _Randall E. Miller_

Randall E. Miller *
Fed. Reg. No. 05019-089
United States Pentitentiary
Terre Haute
P.O. Box 33
Terre Haute, Indiana 47808

*Assisted by:
Edward D. Ashford,
Rockville Maryland

## CERTIFICATE OF SERVICE

I, Randall E. Miller, hereby certify that a copy of the foregoing pleading was sent by first class mail postage prepaid to: Office of the United States Attorney - for the Eastern District of Wisconsin, at: 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202, on this ____ day of _____, 201__.

By_____
Randall E. Miller
Fed. Reg. No. 05019-089
United States Penitentiary
Terre Haute
P.O. Box 33
Terre Haute, Indiana 47808